(No. 2066— )

CONSOLIDATED INDUSTRIES, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1935.*

CONSOLIDATED INDUSTRIES, INC., pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This was a claim filed on February 1, 1933 to recover the sum of $52.10, a franchise tax which was assessed and paid on a sworn report required by law made by the claimant to the Secretary of State, which report, it is alleged was erroneous. It is claimed that the Secretary assessed this corporation on issued capital stock of $3,097,500.00 a tax in the sum of $1,548.75, while it is claimed that the correct amount of issued capital stock, per the Certificate of Issuance filed with the Secretary of State on July 26, 1932 is $2,993,300.00, and they should be assessed a tax in the sum of $1,496.65, making a difference of $52.10.

From letters written when the claimant filed their claim, it is apparent that the error, if any, was claimant's. On November 28, 1932, Secretary of State Stratton, in reply to a letter from claimant under date of November 22, 1932, said:

"In reply to your letter of Nov. 22, it appears that an amendment was filed Dec. 31, 1931, indicating $3,097,500.00 of issued stock, and this is the amount upon which the 1932 franchise tax was based."

It appears from the file that a Certificate of Insurance was filed July 26, 1932, showing $2,993,300.00 of issued capital stock. The 1932 franchise tax was paid on July 23rd, and that was based on the greater capital stock. The basis for the annual franchise tax payable by a domestic corporation shall be the amount represented in this State, determined in accordance with the provisions of the statute, of the sum of its stated capital and paid-in surplus on the thirty-first day of December of the preceding calendar year as disclosed by its last annual report, or, in case no annual report has been filed, as disclosed by any other report or document filed by it with the Secretary of State.

The above is taken from Section 132, Chapter 32 of the capital law then in effect.

It would appear that the trouble in this case is a mistake over dates. The claim is based on the theory that the franchise tax for the year 1932 was assessed on an erroneous valuation, while the claim of claimant contains a statement

to the effect that the correct amount of the capital stock "per the Certificate of Issuance filed with the Secretary of State on July 26, 1932 is $2,993,300.00." Assuming that that statement is true, the tax involved in this claim would not be changed, as this claim was for the taxable year from July 1, 1931 to July 1, 1932. Nothing appears in the records to show when the capital stock was reduced, if at all, from the larger amount on which the tax had been formerly paid.

The claim will, therefore, be denied.